J. S37032/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TYRIK NELSON, | : | No. 3300 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered October 23, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0005743-2009,
CP-51-CR-0005745-2009

BEFORE:  BOWES, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED SEPTEMBER 29, 2020**

Tyrik Nelson appeals, ***pro se***, from the October 23, 2018 orders entered by the Court of Common Pleas of Philadelphia County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 6541-6546.  After careful review, we affirm.

On February 23, 2010, the trial court convicted appellant of two counts each of attempted murder, aggravated assault, possessing an instrument of crime, and recklessly endangering another person, and of one count each of carrying a firearm without a license and carrying a firearm in public in Philadelphia,[1] following a bench trial.  The charges against appellant were set

---

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a), 907(a), 2705, 6106(a)(1), and 6108, respectively.

forth in two separate trial court dockets. On April 20, 2010, the trial court sentenced appellant to an aggregate term of 12-28 years' imprisonment.

Appellant filed a timely direct appeal to this court. On July 27, 2012, this court affirmed appellant's judgment of sentence. *Commonwealth v. Nelson*, 55 A.3d 148 (Pa.Super. 2012) (unpublished memorandum). Our supreme court denied appellant's petition for allowance of appeal on February 23, 2017. *Commonwealth v. Nelson*, 167 A.3d 699 (Pa. 2017).

Appellant filed a timely *pro se* PCRA petition on June 6, 2017. The trial court appointed Peter A. Levin, Esq., to represent appellant. On February 8, 2018, appellant filed an amended PCRA petition. The PCRA court filed a notice of its intention to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 on September 12, 2018. On October 23, 2018, the PCRA court dismissed appellant's PCRA petition without a hearing.

Appellant filed a premature *pro se* notice of appeal to this court on September 20, 2018. On October 16, 2018, appellant filed a statement of errors complained of on appeal, even though the PCRA court did not order him to do so. Appellant waived his right to counsel on appeal of the PCRA court's dismissal of his PCRA petition, and the PCRA court permitted Attorney Levin to withdraw his appearance following a *Grazier*[2] hearing on October 23, 2018. During the *Grazier* hearing, the PCRA court ordered appellant to re-file his notice of appeal.

---

[2] *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Appellant complied and filed a **pro se** notice of appeal on October 30, 2018. On November 8, 2018, the PCRA court ordered appellant to file a concise statement of errors complained of pursuant to Pa.R.A.P. 1925(b), and appellant complied. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on January 31, 2019.

On May 2, 2019, we issued an order directing appellant to show cause why his appeal should not be quashed pursuant to our supreme court's holding in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Appellant filed a timely response, and this court discharged the rule to show cause, referring the issue to the merits panel.

Before we address appellant's issues on appeal, we must first address whether appellant filed a notice of appeal in compliance with the requirements set forth in the Pennsylvania Rules of Appellate Procedure and **Walker**. Of note, a recent **en banc** panel of this court observed:

> Applying the rules of statutory construction, [our supreme court] found that the 2013 amendment to the Official Comment of [Pa.R.A.P.] 341(a) required a bright-line rule: "Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." [**Walker**, 185 A.3d] at 977.

**Commonwealth v. Johnson**, ___ A.3d ___, 2020 WL 3869723 at *3 (Pa.Super. July 9, 2020) (**en banc**). The **Walker** court applied its holding prospectively to any notices of appeal filed after June 1, 2018. In the instant case, the notice of appeal was filed on October 30, 2019, and therefore, the

***Walker*** mandate applies. The appeal before us is from two separate orders filed at each docket number denying appellant's PCRA petition. A review of the record demonstrates that appellant filed one notice of appeal including both docket numbers in violation of our supreme court's mandate in ***Walker***.

Our inquiry cannot end here. A recent ***en banc*** panel of this court held that we may overlook the requirements set forth in ***Walker*** in cases where a breakdown in the court system occurs. ***Commonwealth v. Larkin***, \_\_\_ A.3d \_\_\_, 2020 WL 3869710 at *3 (Pa.Super. July 9, 2020) (***en banc***); ***see also Commonwealth v. Stansbury***, 219 A.3d 157 (Pa.Super. 2019). The panels in both ***Larkin*** and ***Stansbury*** held that a breakdown in the court system included instances in which the trial or PCRA court provides an appellant with misinformation regarding his or her appellate rights. ***Larkin***, 2020 WL 3869710 at *3; ***Stansbury***, 219 A.3d at 160.

Here, our review of the record reveals a breakdown in the court system similar to the scenarios presented in ***Larkin*** and ***Stansbury***. At the conclusion of the October 23, 2018 ***Grazier*** hearing, the PCRA court instructed appellant's former counsel to go over appellant's appellate rights, which he did on the record as follows:

> [Appellant,] the appeal that you filed to the Superior Court was filed too early because your case was never dismissed.
>
> So the Superior Court has sent me a number of orders and letters asking me to respond as to whether your appeal should be thrown out because it had not been dismissed yet.

> The latest motion that I filed with the Superior Court was that the PCRA had not been dismissed, and that I was taking no position on the appeal being dismissed, which means -- in other words the Superior Court is going to dismiss the first appeal you filed because it's too early.
>
> Now that your PCRA has officially been dismissed, you have thirty days from today's date to file **a notice of appeal** to the Superior Court.

Notes of testimony, 10/23/18 at 14 (emphasis added).

Appellant indicated on the record that he understood his appellate rights. Before adjourning the hearing, the PCRA court said the following to appellant: "That means[, appellant,] that I expect to receive **notice** of your appeal within thirty days, and make sure you send that **notice** to the Superior Court as well." (***Id.*** at 15 (emphasis added).) At no point did either appellant's former counsel or the PCRA court notify appellant that he was required to comply with the mandates of ***Walker***. Accordingly, we will overlook the requirements of ***Walker*** and will proceed to review appellant's issues on the merits. ***See Larkin***, 2020 WL 3869710 at *3; ***Stansbury***, 219 A.3d at 160.

Appellant raises the following issues for our review:

> 1.) Whether the lower court erred in dismissing PCRA petition without a hearing on all ineffective assistance of counsel claims:
>
> (A) Trial counsel was ineffective for failing to file motion for reconsideration of sentence?

(B) Trial counsel was ineffective for failing to investigate, interview and call witnesses to testify?

(C) Trial counsel was ineffective for failing to protect appellant's rights when co-defendant's statement was introduced at trial?

(D) Trial counsel was ineffective for advising appellant to waive his jury trial right?

2.) Whether PCRA counsel was ineffective by:

(A) Deleting from *pro*[-]*se* petition the Commonwealth committed *Brady*[3] violation by withholding police report that contained names and addresses of witnesses that gave statements to Detective Mullen and Officer Thomas?

(B) Failing to raise trial counsel was ineffective for failing to raise at pre-trial, trial, and in post-trial motions the Commonwealth committed *Brady* violations by withholding the police report that contained names and addresses of witnesses that gave statements to Detective Mullen and Officer Thomas?

(C) Failing to raise trial counsel's ineffectiveness for failing to raise double jeopardy 5th Amendment violation where appellant was convicted and sentenced for attempted murder and aggravated assault based on the same conduct?

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

3.) Whether this case should be remanded to the PCRA court for an evidentiary hearing to develop the record on all questions presented and errors raised?

Appellant's brief at 4-5 (full capitalization and extraneous capitalization omitted; bolding and italics added).

When reviewing the denial of relief pursuant to the PCRA, we are governed by the following standard:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, [], 29 A.3d 795 ([Pa.] 2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, [], 932 A.2d 74 ([Pa.] 2007). We do not give the same deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012).

*Commonwealth v. Beatty*, 207 A.3d 957, 960-961 (Pa.Super. 2019), *appeal denied*, 218 A.3d 850 (Pa. 2019).

In his first two issues, appellant raises issues based in claims of ineffective assistance of counsel.

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. *Commonwealth v. Cooper*, [], 941 A.2d 655, 664 ([Pa.] 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or

omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." *Id.* A PCRA petitioner must address each of these prongs on appeal. *See Commonwealth v. Natividad*, [], 938 A.2d 310, 322 ([Pa.] 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the *Pierce*[4] elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. *Cooper*, 941 A.2d at 664.

*Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018).

Within his first issue, appellant raises several sub-issues that we will address individually:

**Whether trial counsel was ineffective for failing to file a motion for reconsideration of sentence[?]**

First, appellant contends that trial counsel was ineffective because he failed to file a motion for reconsideration of sentence on the grounds that the trial court failed to "give specific attention to" the following factors when imposing sentence:

(1) [] Appellant had a great deal of family support.

(2) [Appellant] had no prior convictions as an adult.

(3) [Appellant] is an intelligent young man and has a high school diploma.

(4) [Appellant] grew up in an area where there is a lot of poverty and crime.

---

[4] *See Commonwealth v. Pierce*, 527 A.2d 973, 975-976 (Pa. 1987).

> (5) Appellant has been employed at [Glaxo] Smith Kline lab as an assistant for about three years. He was paid by check and there was nothing under the table.
>
> (6) The killing of his brother had a profound and negative effect on him and he went into a shell.

Appellant's brief at 11 (extraneous capitalization omitted). Appellant further contends that trial counsel, "should have raised these issues at sentencing[.]" (*Id.*)

The record belies appellant's claims. Indeed, the PCRA court noted the following:

> The sentencing court repeatedly noted that it possessed and reviewed [appellant's] pre-sentence investigation report and mental health evaluation when considering what sentence to impose[. (Notes of testimony, 4/20/10 at 6, 17, 44.)] The law presumes that a sentencing court has weighed the relevant sentencing considerations where, as here, the [sentencing] court has consulted a pre[-]sentence investigation report. *See*, *e.g.*, *Commonwealth v. Jackson*, 722 A.2d 1030, 1034 (Pa. 1999) ("The presumption in this Commonwealth remains that if a court has facts within its possession, it will apply them."); *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (where Pre-Sentence Report exists appellate court will presume sentencing judge was aware of defendant's character and weighed it with other factors). For this reason alone, counsel properly declined to raise a meritless challenge to the [sentencing] court's supposed "failure to consider" the factors [appellant] lists[.] *Commonwealth v. Hannibal*, 156 A.3d 197, 217 (Pa. 2016) ("claim of appellate counsel's ineffectiveness must fail as counsel cannot be deemed ineffective for failing to raise a meritless claim"), citing *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). Moreover, the record reveals that [the sentencing court] did

> consider these factors. [(Notes of testimony, 4/20/10 at 17, 18, 20.)] All of [appellant's] family members stood to show themselves [] and [appellant's] grandmother was called to testify on [appellant's] behalf. [(***Id.*** at 18-19.)]

PCRA court opinion, 1/31/19 at unnumbered pages 4-5.

Based on our review of the record, appellant's claim of ineffective assistance of counsel is without arguable merit, as counsel cannot be found to be ineffective for failing to raise a meritless objection. ***See Hannibal***, 156 A.3d at 217. Accordingly, this claim must fail.

**Whether trial counsel was ineffective for failing to investigate, interview, and call witnesses to testify[?]**

Next, appellant argues that his trial counsel "was ineffective when he failed to contact and interview relevant witnesses that would have been beneficial to [a]ppellant's defense." (Appellant's brief at 12.)

In order to prevail on a claim that counsel failed to contact and interview a potential witness, a PCRA petitioner must demonstrate, among other things, that "there is a reasonable probability that the testimony the witness would have provided would have led to a different outcome at trial." ***Commonwealth v. Pander***, 100 A.3d 626, 639 (Pa.Super. 2014) (***en banc***), ***appeal denied***, 109 A.3d 679 (Pa. 2015) (citation omitted). Our supreme court has cautioned that, "[b]oilerplate allegations have never been sufficient to discharge [a petitioner's] affirmative burden to rebut the presumption of

[counsel] effectiveness." ***Commonwealth v. Simmons***, 804 A.2d 625, 639 (Pa. 2001) (citations omitted).

Here, appellant's argument in its entirety is as follows:

> One witness gave Officer Thomas a verbal statement at the scene and another called Detective Mullen to provide a statement. Appellant asserts that these witnesses contradict the victim[, Kevin] Rawl's testimony that he was shot while on the ground. The witnesses would say this was untrue as to him being shot, that he was only beaten.
>
> These witnesses were never investigated by trial counsel and should have been. The detective had their names and counsel never attempted to find out who they were or to interview them. They could have changed the outcome of the trial.

Appellant's brief at 12 (extraneous capitalization omitted).

Here, appellant never identified the witnesses in question. Rather, he provides a boilerplate allegation that two witnesses, had they been investigated and interviewed by trial counsel, would have contradicted the victim's testimony. This is not sufficient to discharge appellant's burden to rebut the presumption that trial counsel rendered ineffective assistance. ***Simmons***, 804 A.2d at 639. Accordingly, appellant's claim that trial counsel was ineffective for failing to investigate and interview witnesses must fail.

**Whether trial counsel was ineffective for failing to protect appellant's rights when co-defendant's statement was introduced at trial[?]**

Appellant further avers that trial counsel rendered ineffective assistance for "failing to protect [appellant's Confrontation Clause] right when

non-testifying co-defendant Lamont McDowell's statement naming him as a participant in the crime was introduced at their joint [bench] trial." (Appellant's brief at 13 (extraneous capitalization omitted).)  In his brief, appellant concedes that his name was redacted when McDowell's statement was admitted into evidence, and that his name was replaced with the phrase, "the other guy."  (**Id.** at 14.)

Here, appellant failed to establish that he was prejudiced.  Indeed, "[t]his was a bench trial, and a trial court acting as the fact-finder "is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence." **Commonwealth v. McFadden**, 156 A.3d 299, 309 (Pa.Super. 2017), **appeal denied**, 170 A.3d 993 (Pa. 2017), quoting **Commonwealth v. Smith**, 97 A.3d 782, 788 (Pa.Super. 2014).  Accordingly, appellant's claim of ineffective assistance of counsel for failing to protect appellant's rights under the Confrontation Clause must fail.

**Whether trial counsel was ineffective for advising appellant to waive his right to a trial by jury**

Finally, appellant avers that trial counsel rendered ineffective assistance of counsel because he advised appellant to waive his right to a trial by jury. (Appellant's brief at 15.)  Within his argument, appellant appears to contend that he was prejudiced because the same judge presided over both his suppression hearing and trial.  (**Id.** at 15-16.)

Appellant's claim lacks arguable merit. Indeed, our supreme court has held as follows:

> A valid waiver of the right to a jury trial must contain evidence that the accused understood the fundamental essentials of a jury trial which are: "1) that the jury be chosen from members of the community (*i.e.*, a jury of one's peers), 2) that the accused be allowed to participate in the selection of the jury panel, and 3) that the verdict must be unanimous." ***Commonwealth v. Houck***, [] 948 A.2d 780, 787 ([Pa.] 2008); ***see also*** [***Commonwealth v. Mallory***, 941 A.2d 686, 697 (Pa. 2008)].

***Commonwealth v. Miller***, 987 A.2d 638, 660 (Pa. 2009).

Here, the trial court conducted the following colloquy on the record in open court:

> THE COURT: I don't want you to think that there's any pressure on you. I mean that. If you have any doubts whatsoever, let me know.
>
> [Appellant,] I read to you the underlying factual basis of the allegations. I told you the possible penalties for them; and I'm now going to speak to you regarding your decision on the matter of your trial.
>
> You have the right to a jury trial. You have signed the waiver form, which indicates that you wish to give up that right to a jury trial and to be tried before me sitting without a jury.
>
> Now, I have to be sure you're giving up the rights you're giving up.
>
> How old are you?
>
> [Appellant]: 26.
>
> THE COURT: Today, are you under the influence of any alcohol or controlled substance?

[Appellant]: No.

THE COURT: Have you ever been treated in any type of mental health facility?

[Appellant]: No.

THE COURT: [Appellant,] if you wish, you have the right to a trial by a jury of your peers, consisting of residents of Philadelphia over the age of 18 who, by the answers to their questions of [defense counsel, the Commonwealth's attorney,] and myself, would have shown that they could be fair to you as well as fair to the Commonwealth.

Once those 12 people were seated, the Commonwealth would have the burden of proof to prove your guilt beyond a reasonable doubt to all 12 jurors. A unanimous verdict in a jury case is a verdict. Eight to six is not a verdict. The verdict, to be effective, it must be unanimous. It must be 12 to 0, whether that be for guilt or nonguilt.

Do you understand that?

[Appellant]: Yes.

THE COURT: And the Commonwealth would have the burden of proof to prove your guilt beyond a reasonable doubt to all 12 of those jurors.

Do you understand that?

[Appellant]: Yes.

THE COURT: By giving up that right to a jury trial, you're saying I know the right that I have to a jury trial, but I'm giving up that right to be tried before Judge Dempsey.

And I just want to know, is that your decision?

[Appellant]: Yes.

THE COURT: Do you have any questions of me regarding that decision?

[Appellant]: No.

THE COURT: You have spoken to [trial counsel] regarding that decision?

[Appellant]: Yes.

. . . .

THE COURT: [Appellant], have any promises or any threats been made to you to give up your right to a jury trial?

[Appellant]: No.

THE COURT: I will accept the waiver of jury trial.

Notes of testimony, 2/18/10 at 16-19 (full capitalization omitted).

Additionally, appellant completed a written waiver of his right to a trial by jury. Therein, appellant acknowledged that:

> (a) the jury would be chosen from members of the community thereby producing a jury of his peers;
>
> (b) any verdict rendered by the jury must be unanimous, that is, all twelve jurors must agree before they can return a verdict of guilty; and
>
> (c) he would be permitted to participate in the selection of the jury.

Waiver of jury trial, 2/18/10 at 1.

Based on our review of the record, appellant knowingly, intelligently, and voluntarily waived his right to a trial by jury. Accordingly, his claim of

ineffective assistance of counsel for advising appellant to waive his right to a trial by jury is without arguable merit.

Moreover, even if appellant's claim had arguable merit, it would nonetheless fail because appellant has failed to establish the requisite prejudice required for a successful ineffectiveness of counsel claim. As our supreme court explained, in order to meet the prejudice prong, a petitioner must allege and prove that "but for counsel's alleged ineffectiveness, he would not have waived a jury trial." ***Miller***, 987 A.2d at 660, citing ***Mallory***, 941 A.2d at 697. Here, appellant makes no such claim. (***See*** appellant's brief at 16 (arguing "trial counsel's failure to handle [a]ppellant's case properly clearly prejudiced [a]ppellant").) Therefore, appellant's final claim of ineffective assistance on the part of his trial counsel must fail.

In his second issue, appellant raises an ineffectiveness claim pertaining to his PCRA counsel. In order to preserve this claim on appeal, an appellant is required to raise it in a response to the PCRA court's Rule 907 notice, which represents an appellant's first opportunity to raise the issue before the PCRA court. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1186 (Pa.Super. 2012), ***appeal denied***, 64 A.3d 631 (Pa. 2013), citing ***Commonwealth v. Pitts***, 981 A.2d 875, 880 n.4 (Pa. 2009). Failure to do so results in waiver of the claim on appeal. ***Commonwealth v. Smith***, 121 A.3d 1049, 1055 (Pa.Super. 2015), ***appeal denied***, 136 A.3d 981 (Pa. 2016).

Here, appellant failed to file a response to the PCRA court's notice of its intent to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Rather, appellant raises these claims for the first time on appeal. Accordingly, appellant waives his claims of ineffective assistance on the part of PCRA counsel on appeal.

In his third issue, appellant contends that the PCRA court erred when it did not hold a hearing on appellant's claims. (Appellant's brief at 21.) When determining whether the PCRA court erred when it dismisses a PCRA petition without a hearing, we are held to the following standard:

> The PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." ***Commonwealth v. Paddy***, [] 15 A.3d 431, 442 ([Pa.] 2011) (quoting Pa.R.Crim.P. 909(B)(2)). "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Id.*** (quoting ***Commonwealth v. D'Amato***, [] 856 A.2d 806, 820 [Pa.] 2004)). We stress that an evidentiary hearing "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." ***Commonwealth v. Jones***, [] 811 A.2d 994, 1003 n.8 ([Pa.] 2002) (citation omitted). In ***Jones***, we declined to remand for an evidentiary hearing when the appellant merely asserted that counsel did not have a reasonable basis for his lack of action but made no proffer of evidence as to counsel's lack of action.

***Commonwealth v. Roney***, 79 A.3d 595, 604-605 (Pa. 2013), ***cert. denied***

***sub nom. Roney v. Pennsylvania***, 574 U.S. 829 (2014).

Here, as noted in detail ***supra***, appellant's claims of ineffective assistance of counsel failed for lacking arguable merit, lack of prejudice, and waiver. Appellant's argument in the instant case is limited to boilerplate allegations that his claims are not clear from the record and that genuine issues of material fact exist. Accordingly, appellant's third issue is without merit.

In his brief, appellant appears to raise a fourth issue that was neither included in his statement of questions presented nor his Rule 1925(b) statement. Appellant contends that the "cumulative prejudicial effect described [in his brief] denied appellant due process and effective assistance of counsel." (Appellant's brief at 22 (full capitalization omitted).)

Failure to include an issue in a Rule 1925(b) statement constitutes waiver of that issue on appeal. Pa.R.A.P. 1925(b)(4)(vii). Accordingly, appellant's fourth issue is waived on appeal. Nevertheless, even if appellant had adequately preserved this issue for appellate review, he would not be entitled to relief.

> [Our supreme court has] often held that "no number of failed [] claims may collectively warrant relief if they fail to do so individually." [***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009)] (quoting ***Commonwealth v. Washington***, [] 927 A.2d 586, 617 ([Pa.] 2007)). However, [the court has] clarified that this principle applies to claims that fail because of lack of merit or arguable merit. [***Commonwealth***

> *v. Sattazahn*, 952 A.2d 640, 671 (Pa. 2008)]. When the failure of individual claims is grounded in lack of prejudice, then the cumulative prejudice from those individual claims may properly be assessed. *Id.*; *Johnson*, *supra* at 532 (citing *Commonwealth v. Perry*, [] 644 A.2d 705, 709 ([Pa.] 1994), for the principle that a new trial may be awarded due to cumulative prejudice accrued through multiple instances of trial counsel's ineffective representation.

*Commonwealth v. Spotz*, 18 A.3d 244, 321 (Pa. 2011).

Here, only one of appellant's issues pertaining to ineffective assistance of counsel was disposed of due to a lack of a showing of prejudice. The remaining issues failed either due to a lack of arguable merit or were waived on appeal. Accordingly, even if he had preserved this issue for appellate review, appellant's claim of cumulative prejudice from multiple errors would fail for lack of merit.

Orders affirmed.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 9/29/20

- 19 -